## Arthur Lehman & Company et al., Appellees, v. Thomas Slat and Antoniga Slat, Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Christian county; the Hon. JAMES C. McBRIDE, Judge, presiding. Heard in this court at the April term, 1917. Reversed and remanded with directions. Opinion filed October 11, 1917.

### Statement of the Case.

Bill by Arthur Lehman & Company and others, complainants, against Thomas Slat and Antoniga Slat, defendants, to subject certain real estate purchased in the name of the defendant Antoniga Slat, wife of the other defendant, to the executions of certain judgments secured by complainants against the latter defendant on the ground the deed to her of said premises was made for the purpose of defrauding his creditors. From a decree in favor of complainants, defendants appeal.

J. E. HOGAN, for appellants.

GEORGE T. WALLACE, for appellees.

MR. JUSTICE ELDREDGE delivered the opinion of the court.

## Abstract of the Decision.

1. CREDITORS' SUIT, § 24*—*what judgment is sufficient to sustain a creditor's bill.* A judgment secured before a justice of the peace is sufficient to sustain a creditor's bill.

2. HUSBAND AND WIFE, § 147*—*when earnings of wife are not subject to claims of creditors of husband.* Since the Act of 1869 the earnings of a wife realized from keeping boarders with the consent of her husband will be considered her own personal property and, as a general rule, protected from subsequent creditors of her husband.

3. HUSBAND AND WIFE, § 151*—*when property of wife may not be claimed by her as against husband's creditors.* Where a wife permits her husband to use her property as his own in his business she cannot interpose her claim thereto as against his creditors.

4. HUSBAND AND WIFE, § 151*—*when purchase by wife of property from own funds is fraudulent as to all of husband's creditors.* Where a debtor secured credit from certain creditors in the purchase of a stock of goods in his mercantile business upon their faith in his claimed ownership of a certain certificate of deposit in a bank, which was in fact owned by his wife and was later used in the purchase of certain real estate in her name, *held* that if the purchase of such real estate was a fraud as to one creditor giving credit upon the faith of the debtor's apparent ownership of the certificate it was a fraud as to one not knowing of the certificate but giving faith to his apparent ownership of the purchased stock of goods.